UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARREN RIDLEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No: 1:16-cv-0097-WTL-MPB |
| | ) |
| INDIANA ATTORNEY GENERAL | ) |
| CURTIS HILL, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Once convicted and after exhaustion or waiver of any right to appeal, a defendant is presumed to stand "fairly and finally convicted." *United States v. Frady,* 456 U.S. 152, 164 (1982). For the reasons explained in this Entry, the effort Darren Ridley to show otherwise fails. His petition for a writ of habeas corpus will therefore be denied. In addition, the Court finds that a certificate of appealability should not issue. This disposition is compelled by the following facts and circumstances:

1. Petitioner Ridley is in the closing months of serving a federal sentence and upon its completion will be called upon to serve a lengthy sentence imposed by the Marion Superior Court. The current Indiana Attorney General is therefore **substituted** as to the respondent as shown in the caption of this Entry.

2. Ridley seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). "In § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer to the findings of the [state] court, which have not been challenged and are presumed to be correct unless rebutted by clear and convincing evidence." *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir. 2015)(citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)). A state court's factual finding is unreasonable only if it "ignores the clear and convincing weight of the evidence." *Taylor v. Grounds,* 721 F.3d 809, 817 (7th Cir. 2013) (internal quotation marks and citations omitted).

3. Ridley has not shown the factual findings of the Indiana state courts to be unreasonable. The Court therefore looks to the summary of the evidence made in the course of his direct appeal:

> [Ridley and his co-defendants], members of a gang, planned to kill Stacey Reed in retaliation for Reed's interference in the gang's drug operations. The defendants amassed a stockpile of assault rifles, ventured to the apartment complex where they believed they would find Reed, and, standing shoulder to shoulder, blasted a hail of gunfire at a wall of the complex. A teenager was killed and a child was permanently injured.

*Ridley v. State*, 690 N.E.2d 177, 179 (Ind. 1997). Other details of the offenses are set forth in the appeal of his co-defendants in *Williams v. State,* 690 N.E.2d 162 (Ind. 1997).

4. Ridley was convicted at trial of conspiracy to commit murder, murder, and attempted murder. His appeal resulted in the attempted murder conviction being vacated and the case being remanded for resentencing. The trial court modified Ridley's sentence to 110 years on June 29, 2000.

5. Ridley filed an action for post-conviction relief on January 21, 2002. The trial court's denial of that petition was affirmed in *Ridley v. State*, 910 N.E.2d 862 (Ind.Ct.App. 2009). No petition to transfer was filed with the Indiana Supreme Court.

6. On November 15, 2013, Ridley filed a notice of appeal in the trial court in which he purported to be appealing that court's order of October 29, 2013. That appeal was docketed with the Indiana Court of Appeals but was dismissed for procedural reasons on April 24, 2014. Ridley's motion to rescind that dismissal was denied on June 23, 2014. A petition to transfer to the Indiana Supreme Court was filed on September 23, 2014 and was denied on January 6, 2015.

7. The filing of this action followed. Ridley's habeas petition was signed on either November 2, 2015 or December 30, 2015. It is considered to have been "filed" on the date it was signed and delivered to prison authorities for mailing to the Court.

8. "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). See generally 1 J. Liebman & R. Hertz, **Federal Habeas Corpus Practice and Procedure** § 5.1.a (3d ed. 1998). These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim. See, *e.g., United States v. Olano,* 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993) ("'No procedural principle is more familiar to this Court than that a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it'" (quoting *Yakus v. United States,* 321 U.S. 414, 444, 64 S. Ct. 660, 88 L.Ed. 834 (1944))).

*Daniels v. United States*, 532 U.S. 374, 381 (2001)(footnote omitted).

9. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing

federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

*Wood v. Milyard,* 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)). The one-year period of limitations is the default provision by which the timeliness of a habeas petition is measured. *Johnson v. Robert,* 431 F.3d 992, 992 (7th Cir. 2005).

10. Ind. Appellate Rule 9(A)(1) provides: "A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of Final Judgment." The expanded record recounted above shows that Ridley's conviction became final 30 days after he was resentenced on June 29, 2000. Excluding the last weekend of that period, his conviction became final on July 31, 2000, because that was the last day on which he could have filed a notice of appeal. The time period for the habeas statute of limitations began to run on August 1, 2000 and continued to run until the petition for post-conviction relief was filed on January 12, 2002. This was more than one year, so the statute of limitations ran without interruption until it expired on August 2, 2001. *Kearse v. Secretary, Fla. Dept. of Corrs.,* 736 F.3d 1359, 1362 (11th Cir. 2013)(the limitations clock established by 28 U.S.C. § 2244(d)(1) ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play). Thus, the 1-year statute of limitations expired before Ridley even filed his action for post-conviction relief. The time during which the properly filed action for post-conviction relief was pending in the Indiana state courts did not toll the running of the statute of limitations. *See Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed); *Tinker v. Hanks*, 172 F.2d 990 (7th Cir. 1999) (efforts to file a successive action for post-conviction relief, if unsuccessful, do not toll the running of the statute of limitations).

11. The statute of limitations expired on August 2, 2001. This was more than 14 years before the earliest date the habeas petition can be considered to have been filed.

12. The respondent acknowledges Ridley's argument that the statute of limitations should have been tolled from the actual date of the resentencing until the date he claims to have learned of that event, May 16, 2013. Even if a case could be made for such tolling, far more than the statutory filing time elapsed between that date and the date the habeas petition can be considered as having been filed. Ridley's efforts in the state courts during that time, moreover, do not reflect a diligent effort on his part to bring the matter to a further conclusion.

13. "We live in a world of deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). There is no combination of circumstances from which it could be determined that Ridley's petition for writ of habeas corpus was timely filed. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decisions being made as to the merits of his claims. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007).

14. Judgment consistent with this Entry shall now issue.

15. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Ridley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 2/14/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAREN E. RIDLEY
04575-028
POLLOCK FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4050
POLLOCK, LA 71467

Electronically Registered Counsel